UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS KELLEY,

     Plaintiff,                  Case No. 07-13236

v.                               District Judge Victoria A. Roberts
                                Magistrate Judge R. Steven Whalen

ROCCO DeMASI, CORRECTIONAL
MEDICAL SERVICES and MICHIGAN
DEPARTMENT OF CORRECTIONS BUREAU
HEALTH CARE SERVICES,

     Defendants.
_____/

## ORDER CONDITIONALLY GRANTING
## MOTION TO APPOINT COUNSEL

Plaintiff, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Before the Court is his motion to appoint counsel [Docket #40].

Unlike criminal cases, there is no constitutional or statutory right to the appointment of counsel in civil cases. Rather, the Court requests members of the bar to assist in appropriate cases. In *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993), the Sixth Circuit noted that "[a]ppointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances." (Internal quotations and citations omitted). However, when "it is apparent to a district

court that a pro se litigant has a colorable claim but lacks the capacity to present it, the district court should appoint counsel." *Wright v. Dallas County Sheriff Dept.*, 660 F.2d 623, 625 (5th Cir. 1981), citing *Gordon v. Leeke*, 574 F.2d 1147, 1153 (4th Cir. 1978), cert. denied, 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). *See also Shields v. Jackson*, 570 F.2d 284, 285 (8th Cir. 1978) (appointment of counsel for an indigent prison inmate would advance the proper administration of justice); *Stringer v. Rowe*, 616 F.2d 993, 1001 (7th Cir. 1980). In *Knighton v. Watkins*, 616 F.2d 795, 799 (5th Cir. 1980), the Fifth Circuit explained the benefit of appointing counsel in meritorious cases:

> "If such a complaint has merit, the serious allegations must be separated from those that are frivolous and from the irrelevant commentary that is usually included. It is a service to the court for counsel to explain the applicable legal principles to the complainant and to limit litigation to potentially meritorious issues. In addition, appointment of a lawyer provides the unlettered inmate with an opportunity to obtain representation equally qualified with the professional counsel usually provided by the state for the defendant."

This case has survived Defendant's motion to dismiss, and involves colorable legal and factual issues under 42 U.S.C. § 1983 and the Eighth Amendment. It would benefit the parties, as well as the Court, for Plaintiff to be represented, and the Court will endeavor to enlist *pro bono* counsel.

Accordingly, Plaintiff's motion to appoint counsel is CONDITIONALLY GRANTED, conditioned on the Court's success in enlisting *pro bono* counsel.

SO ORDERED.

S/R. Steven Whalen  
R. STEVEN WHALEN  
UNITED STATES MAGISTRATE JUDGE

Dated: October 22, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on October 22, 2008.

S/G. Wilson  
Judicial Assistant